[Civ. No. 9489. Fourth Dist., Div. Two. Apr. 16, 1970.]

MILDRED MYERS, Individually and as Administratrix, etc.,
Plaintiff and Appellant, v.
COUNTY OF ORANGE, et al., Defendants and Respondents.

## Counsel

Rimel, Harvey & Helsing and Duffern H. Helsing for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and Barry S. Michaelson, Deputy County Counsel, for Defendants and Respondents.

## Opinion

KAUFMAN, J.—Plaintiff[1] appeals from a judgment of dismissal after an order sustaining defendants' demurrer to the complaint without leave to amend.

By the first amended complaint, plaintiff in the dual capacities of administratrix of the estate of John W. Myers, deceased, and surviving widow of John W. Myers, seeks damages from the County of Orange and R. I. Morris, director of transportation for said county, for the allegedly wrongful discharge of the decedent John W. Myers.

It is alleged that, as a result of the wrongful discharge, plaintiff, as administratrix of the estate, has been damaged by the loss of death benefits under the county retirement program as well as loss of accumulated sick leave and, as surviving widow, by the loss of death benefits under the county retirement program, and life insurance and salary continuance

---

[1]The complaint below and the notice of appeal included as a party plaintiff and appellant the Orange County Employees' Association. Counsel for the association, however, stipulated in the trial court and at oral argument in this court that the association might be dismissed from the action, and pursuant thereto, the appeal has been dismissed as to the Orange County Employees' Association.

benefits which would have been payable to her through the Orange County Employees' Association, all of which lost benefits it is alleged amount to $26,194.04.

Defendants contend that the first amended complaint, which incorporates by reference the findings of fact and conclusions of law and judgment in a prior mandate proceeding between the parties, shows on its face that it is barred by res judicata, and, also, that the first amended complaint shows on its face that no claim was filed by plaintiff with the County of Orange within one year after the accrual of her causes of action and that the rights of action are, therefore, barred by the provisions of sections 945.4, 905, 911.2 and 935 of the Government Code. Plaintiff concedes the applicability of the one-year claim period, but contends that her causes of action did not accrue until after she had exhausted her administrative remedies; that, even if the accrual of the causes of action was not thus postponed, the running of the one-year period was tolled during her pursuit of administrative remedies, including the time consumed in seeking a writ of mandate relating thereto; and that, furthermore, several of the documents served by her on agencies of the county constitute sufficient claims under the doctrine of substantial compliance.

Defendants' demurrer was made jointly. If a cause of action was stated against either defendant, therefore, the demurrer should have been overruled. (*Hirshfeld* v. *Weill,* 121 Cal. 13, 14 [53 P. 402]; *Rogers* v. *Schulenburg,* 111 Cal. 281, 284 [43 P. 899]; *Asevado* v. *Orr,* 100 Cal. 293, 300 [34 P. 777]; *Wise* v. *Southern Pac. Co.,* 223 Cal.App.2d 50, 76 [35 Cal.Rptr. 652].)

The essential allegations of the first amended complaint may be summarized as follows. John W. Myers, the decedent, was employed by the County of Orange in the Transportation Department from August 18, 1958, until the time of the alleged wrongful discharge on or about August 22, 1966. On that date John W. Myers was mentally and physically ill from a terminal cancer condition, which resulted in his death on December 5, 1966.

On August 22, 1966, said John W. Myers failed to report for work at the Transportation Department garage, and, without conferring with John W. Myers as to the reason for his failure to report for work, the department head terminated him effective August 19, 1966, for his failure to report to work by mailing to him a notice of discharge. It is alleged that the notice was improper and insufficient for the reason that it was mailed to him instead of being personally served as required by the Personnel and Salary Resolution of the County of Orange then in effect, because it erroneously stated that Mr. Myers had only five days to file a notice of appeal instead

of the ten days provided by the Personnel and Salary Resolution and because it did not state grounds constituting sufficient or reasonable cause for the discharge of Mr. Myers. It is also alleged that the decedent's immediate work supervisor was one Hill Arnold, foreman, who told the decedent at the time of his dismissal that it would do him no good to appeal.

On or about the same date, Mr. Myers was also sent a form for the withdrawal of his accumulated contribution to the retirement fund. "In an extremely weakened condition, suffering from terminal cancer, and the accompanying pain, and without advice of counsel, or being advised by his department head concerning the effect of signing this form, Mr. Myers executed the same and returned it."[2] The accumulated retirement contributions were paid to Mr. Myers on September 13, 1966. Plaintiff has offered to return and redeposit these retirement contributions together with interest thereon upon the reinstatement of John W. Myers as an employee from the date of his discharge until the date of his death.

Between August 22, 1966, and August 31, 1966, Mr. Myers was unable to sleep or eat and had severe headaches. His condition became progressively worse with each succeeding day and, on October 19, 1966, he was hospitalized, at which time it was determined that he had a malignant cancer. He was released from the hospital on October 29, 1966. On December 3, 1966, he was again hospitalized and on December 5, 1966, he died as a result of said cancer.

On April 5, 1967, plaintiff, through her attorney, wrote to the Personnel Director of Orange County and requested information necessary to appeal the dismissal of her deceased husband. On April 12, 1967, plaintiff made application to the Retirement Board of the County of Orange[3] asserting the wrongful discharge, requesting that the board rescind the order of dismissal and reinstate Mr. Myers as a county employee from August 19, 1966, to the date of his death, noting that this "would restore Mrs. Myers' eligibility for death benefits, retirement benefits, life insurance and also salary continuance insurance for Mr. Myers' illness during the interval between his dismissal and his death." This letter request dated April 11, 1967, was verified by plaintiff under penalty of perjury.

By letter from the County of Orange dated May 12, 1967, signed by the Orange County Treasurer, plaintiff was notified that her letter request for hearing had been referred to the county counsel's office; that the county counsel had issued an opinion holding that the retirement board had no jurisdiction to grant a hearing because the separation from service

---

[2]Paragraph XI of the first amended complaint.

[3]Designated by the county as the appeal board for review of such matters.

was not by discharge but by the employee's "resignation," and that, therefore, no hearing would be scheduled and no appeal entertained.

On June 13, 1967, plaintiff filed in the Orange County Superior Court a petition for a writ of mandate to compel the appeal board to set aside its decision as set forth in its letter of May 12, 1967, and to hold a hearing under the provisions of section 8 of division II of the Personnel and Salary Resolution of the County of Orange. A demurrer to the petition was overruled, and, in due course, the mandate proceeding was tried on August 10, 1967. On November 9, 1967, a judgment was entered denying the peremptory writ of mandate. No appeal was taken by plaintiff from this judgment, and it became final on January 8, 1968, at the earliest (60 days after notice of entry).[4] (Code Civ. Proc., § 1110 and California Rules of Court, rule 2a.)

It is further alleged that plaintiff exhausted her administrative remedies prior to filing the action and that her cause of action could not accrue until she had exhausted her administrative remedies and that said remedies were not fully and completely exhausted until the judgment denying the peremptory writ of mandate became final.

On February 14, 1968, plaintiff filed a claim for damages with the Board of Supervisors, County of Orange, a true copy of which is attached as an exhibit. The claim was rejected on February 20, 1968, and this action was filed on March 7, 1968.

It is further alleged that the acts of defendants in discharging John W. Myers without reasonable cause or justification were without authority under the Orange County Personnel and Salary Resolution; and that plaintiff, in her several capacities, suffered the damages hereinbefore summarized as a result of the wrongful discharge of John W. Myers.

### Res Judicata Effects of Mandate Proceeding

 It is at once apparent that the judgment in the prior mandate proceeding does not constitute a bar to the present action. This action is for damages to plaintiff in her several capacities resulting from wrongful discharge. The mandate proceeding was an attempt by plaintiff to compel the appeal board to set aside its decision not to hold a hearing and to compel it to hold a hearing under the provisions of the Personnel and Salary Resolution of the County of Orange. It is clear from the petition, findings of fact and conclusions of law and judgment in the mandate proceeding that there was no attempt in that proceeding to adjudicate whether

---

[4]The record does not disclose the date of entry nor the date of notice thereof.

or not Mr. Myers was wrongfully discharged.[5] ■ A second action between the same parties on a different cause of action is not precluded by the judgment in the former action. (*Clark* v. *Lesher,* 46 Cal.2d 874, 880 [299 P.2d 865]; 3 Witkin, Cal. Procedure (1954) 1947.) ■ It is possible, of course, that the judgment in the mandate proceeding may be determinative of some issues between the parties upon the application of the doctrine of collateral estoppel (see *Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control,* 57 Cal.2d 749, 757 [22 Cal.Rptr. 14, 371 P.2d 758]; *Clark* v. *Lesher, supra,* at p. 880; *Mitchell* v. *Jones,* 172 Cal.App.2d 580, 585 [342 P.2d 503, 77 A.L.R.2d 1404]; 3 Witkin, Cal. Procedure, *supra,* 1947-1949), but that determination requires factual proof of what issues were actually litigated in the mandate proceeding (see 3 Witkin, Cal. Procedure, *supra,* 1947-1948 and authorities there cited), and is not an appropriate determination for this court upon a review of a judgment of dismissal following an order sustaining a general demurrer without leave to amend (see 2 Witkin, Cal. Procedure (1954) 1503-1504).

### Accrual of Causes of Action

Plaintiff contends that her causes of action did not accrue until after the judgment denying her petition for mandate became final. Defendants contend that her cause of action as administratrix of the estate of John W. Myers accrued on the date of the allegedly wrongful discharge, August 22, 1966, or at the latest, upon expiration of the 10-day administrative appeal period thereafter. The cause of action in favor of Mildred Myers personally, as the widow of John W. Myers, defendants contend accrued on the date of death of John W. Myers, December 5, 1966. (*Driscoll* v. *City of Los Angeles,* 67 Cal.2d 297, 304 [61 Cal.Rptr. 661, 431 P.2d 245]; *Dillon* v. *Board of Pension Comrs.,* 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800].)

---

[5]The limited scope of the determination made in the mandate proceeding may be indicated by noting several of the more important conclusions of law.

"1. Petitioner does not have a direct interest in the action as no action by Respondent could confer upon her any benefits of tangible or monetary value.

" . . . . . . . . . . . . . .

"3. Respondent had and has no jurisdiction to hold a hearing because the appeal from the termination was not taken within ten (10) days after service or receipt of the Order of Dismissal . . . .

" . . . . . . . . . . . . .

"5. Petitioner's appeal to Respondent was barred by laches.

"6. Respondent has and had no jurisdiction to hold a hearing under Section 8 of the Personnel and Salary Resolution because at the time the appeal was taken the employee was deceased. The Court's opinion of the Resolution properly construed does *not* permit a posthumous modification or rescission of the action of a department head's Order of Dismissal. . . . ."

■ For purposes of this decision, we may assume, without deciding, that the dates urged by defendants are correct, because we have concluded that the one-year claim period was tolled for the time that plaintiff was endeavoring to obtain a hearing before the appeal board, including the time consumed by the application for mandate, and that her claim filed with the County of Orange on February 14, 1968, was filed within the one-year period as thus extended.

### Tolling of the One-Year Period

Defendants do not quarrel with the general proposition that, where the plaintiff must exhaust administrative remedies before bringing suit but has delayed commencement thereof,[6] a statute of limitations is tolled during the time consumed by the administrative proceeding once it has been commenced. (*Dillon* v. *Board of Pension Comrs., supra,* 18 Cal.2d 427, 430-431.) Defendants contend, however, that the one-year claim period was not tolled in this case by the time consumed in plaintiff's attempt to obtain a hearing before the appeal board (April 12 through May 12, 1967, 31 days) and certainly not during the time consumed by the mandate proceeding (June 13, 1967 through January 8, 1968, 209 days) because the administrative hearing sought by plaintiff from the appeal board was not and, certainly, the petition for mandate was not, a necessary prerequisite to plaintiff's claim upon the County. In this connection, defendants assert that the judgment in the mandate proceeding conclusively establishes that, after the death of her husband, there was no applicable administrative remedy for plaintiff to exhaust.

Once again, without deciding, we may assume that plaintiff was not required as a prerequisite to filing a claim with the county or instituting this action to seek a hearing from the appeal board or to petition for mandate. Nevertheless, we find defendants' conclusion that the claim period was not tolled to be contrary to the applicable law.

■ When an injured person has several legal remedies and, reasonably and in good faith, pursues one designed to lessen the extent of the injury or damages, the statute of limitations does not run on the other while he is thus pursuing the one (*Tu-Vu Drive-In Corp.* v. *Davies,* 66 Cal.2d 435, 437 [58 Cal.Rptr. 105, 426 P.2d 505]; *County of Santa Clara* v. *Hayes Co.,* 43 Cal.2d 615, 617-619 [275 P.2d 456]; and cf. *Lee C. Hess Co.* v. *City of Susanville,* 176 Cal.App.2d 594, 598 [1 Cal.Rptr. 586] and *Record Machine & Tool Co.* v. *Pageman Holding Corp.,* 172 Cal.App.2d 164 [342 P.2d 402]), and, the period during which the statute is tolled includes the time consumed in an appeal (*Lee C. Hess Co.* v. *City of Susan-*

---

[6]In the mandate proceeding, as set forth in footnote 5, *supra,* the court concluded that plaintiff was guilty of laches in applying for a hearing before the appeal board.

*ville, supra,* at pp. 596 and 598; *Record Machine & Tool Co.* v. *Pageman Holding Corp., supra,* at pp. 175-176.)

It is clear, at least in the *Tu-Vu* and *County of Santa Clara* cases, that the rule is not predicated upon the necessity of the completion of the one remedy as a prerequisite to the pursuit of the other. In *Tu-Vu,* the plaintiff's property was seized under a writ of execution in an action to which the plaintiff was not a party. The plaintiff could have sued at once for the wrongful appropriation of its property, but, instead, filed and successfully prosecuted a third-party claim and, thereafter, instituted suit for the lesser damages resulting from its unlawful detention. It was held that the running of the statute of limitations was tolled during the third-party claim proceeding. (*Tu-Vu Drive-In Corp.* v. *Davies, supra,* 66 Cal.2d 435, 436-437.)

In the *County of Santa Clara* case, the defendant negligently made mistakes in the publication of a proposed county charter, and the county could have immediately brought an action against the defendant for damages (*County of Santa Clara* v. *Hayes Co., supra,* 43 Cal.2d 615, 617). Instead the county took the position that the mistakes in publication were not sufficient to invalidate the proceedings and presented the charter to the Legislature for approval. The charter was approved by the Legislature, but was subsequently invalidated in a *quo warranto* proceeding because of the defective publication, and, thereafter, the county instituted its suit for damages. It was held that the statute of limitations was tolled during the period the charter was in effect, which resulted from the county's choosing to submit it to the Legislature for approval rather than instituting immediate suit for damages. (*County of Santa Clara* v. *Hayes Co., supra,* 43 Cal.2d 615, 619.) As the court noted, "It [the county] was confronted with the choice of assuring damages by failing to submit the charter or attempting to avoid any damage by putting it into effect. It would be anomalous if by the very act of attempting to prevent damage from defendant's wrong, it should lose the benefit of the rule tolling the statute . . . ." (*County of Santa Clara* v. *Hayes Co., supra,* at pp. 618-619.)

Applying these principles to the case at bench, we find that, upon the death of her husband, plaintiff was faced with two alternative procedures. Being uncertain of the applicability to her situation of the doctrine of the necessary exhaustion of administrative remedies, she could either file a claim with the county for damages and thereafter institute suit, in which she would have undoubtedly been confronted with a claim by the county that the suit could not be maintained because of her failure to exhaust administrative remedies, or she could apply for a hearing by the appeal board and seek to have the order of discharge rescinded and her

husband reinstated as an employee from the date of discharge until the date of his death. She chose to pursue the latter remedy, and, in our opinion, in so doing, she acted reasonably, for, if she had been successful, there would have been no damages resulting from the discharge, and no claim for damages or suit for damages would have been necessary.

Bearing in mind that a successful administrative appeal would have eliminated all claims of damage, it was likewise perfectly reasonable for plaintiff to seek the writ of mandate. In the first place, the appeal board had declined to hold a hearing based upon the conclusion of the county counsel that Mr. Myers had voluntarily resigned, which conclusion was inconsistent with the letter of discharge, and, in any event, was the very fact to be determined by the appeal board at the requested hearing. Moreover, section 8 of the Personnel and Salary Resolution expressly gave the appeal board the power to review an order of discharge, to rescind the order and to reinstate the employee, in which event, by express provision, he would receive salary and employee benefits for the full time he was off duty pursuant to the order of discharge.

It is true, of course, that the court in the mandate proceeding concluded that the appeal board had no power to reinstate an employee posthumously, but plaintiff's request was only that Mr. Myers be reinstated from the date of discharge to the date of his death, which would have left him an employee at the time of death, and, although the question is not before us on this appeal, we entertain considerable doubt as to the propriety of that conclusion. ■ The law favors the resolution of disputes by administrative action. (*A. Teichert & Son, Inc.* v. *State of California*, 238 Cal.App.2d 736, 751 [48 Cal.Rptr. 225] [disapproved on other grounds in *E. H. Morrill Co.* v. *State of California*, 65 Cal.2d 787, 792 [56 Cal. Rptr. 479, 423 P.2d 551]].) ■ In any event, however, the question of tolling is not to be determined retrospectively depending upon the success or failure of the plaintiff in pursuing the alternative remedy. (Cf. *County of Santa Clara* v. *Hayes Co., supra,* 43 Cal.2d 615.) While not in point on the precise issue, the language of the court in *Teichert* is most apposite to this case. ■ The injured person should not be required "to predict at his peril the precise legal theory [remedy] supporting ultimate recovery. He should not be placed in the dilemma of awaiting 'jurisdictional' decisions . . . [of one tribunal] . . . while the clock of limitations ticks in his ear." (*A. Teichert & Son, Inc.* v. *State of California, supra, at* p. 751.)

■ We recognize, of course, that strictly speaking, the statutes requiring the presentation of a claim within one year are not statutes of limitations. These statutes are comparable, however, to a statute of limitations and have the same effect, that is, the claim is barred unless presented within one year. Additionally, the purposes of the claims statute and a

statute of limitations are similar. ■ The purpose of a statute of limitations is to prevent the assertion of stale claims after the lapse of long periods of time during which evidence may have been lost, destroyed or become unavailable. (*California Sav. etc. Soc.* v. *Culver,* 127 Cal. 107, 110 [59 P. 292].) ■ The purpose of the claims statute is to permit the public entity to make an early investigation of the facts and to enable it to decide whether the problem calls for litigation or settlement. (*Rowan* v. *City etc. of San Francisco,* 244 Cal.App.2d 308, 312 [53 Cal.Rptr. 308]; *Johnson* v. *City of Oakland,* 188 Cal.App.2d 181, 183 [10 Cal. Rptr. 409].)

We see no good reason, therefore, why the rule of *Tu-Vu* and *County of Santa Clara,* tolling statutes of limitation, should not be applied to toll the running of the one-year claim period, particularly in a case such as this where the plaintiff's communications with the governmental entity gave ample information well within the one-year claim period to satisfy the purposes of the claims statute. The letter from plaintiff's attorney to the appeal board dated April 11, 1967, and verified by plaintiff contained substantially all of the information required by section 910 of the Government Code except a dollar amount of the loss sustained by plaintiff. It did itemize, however, the precise benefits claimed to have been lost as a result of the wrongful discharge and, thereby, furnished the basis for the ascertainment of said dollar amount. The letter, of course, did not purport to be a claim for damages, but implicit in the letter was the fact that, if the order of discharge were not rescinded, damage in the form of the itemized lost benefits would result. ■ If the requisite information is in fact given, it is not essential that it be given with the intention of complying with the claims statute. (*Ridge* v. *Boulder Creek etc. School Dist.,* 60 Cal.App.2d 453, 458 [140 P.2d 990].)

■ We conclude that the one-year claim period was tolled during the time consumed by plaintiff's application for hearing before the appeal board, including the mandate proceeding, a total of 240 days. Assuming as we have, the accrual of the causes of action on August 22, 1966, and December 5, 1966, respectively, the claim filed February 14, 1968, was within one year after accrual in each instance, as extended by the 240 days.

The judgment is reversed.

Kerrigan, Acting P. J., and Gardner, J., concurred.