[Civ. No. 31288. First Dist., Div. Three. July 13, 1973.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Appellant, v. COUNTY OF ALAMEDA, Defendant and Respondent.

**COUNSEL**

Bennett, Van De Poel, Campbell & Ginder and William R. Strickland for Plaintiff and Appellant.

Crosby, Heafey, Roach & May and Peter W. Davis for Defendant and Respondent.

**OPINION**

**BROWN (H. C.), J.**—This is an appeal from a judgment following the granting of respondent's motion for summary judgment. The basis for the judgment was that the cause of action alleged in the complaint was barred by the claims requirements of the Government Code.

Appellant Allstate Insurance Company filed a complaint in subrogation against respondent County of Alameda and others on September 20, 1971,

alleging that on June 12, 1969, Denise Lucchesi, a minor (hereinafter referred to as "the insured") was riding in an uninsured automobile driven by another on Santos Ranch Road in Alameda County. It was also alleged that the road had been negligently designed, constructed and maintained, was in dangerous condition, and, as a proximate result, the car went out of control, leaving the road and causing injury to the insured. It is undisputed that the insured never filed a claim with the respondent.

On February 4, 1971, appellant reached a minor's compromise with the insured (through her guardian ad litem) in the amount of $11,779.11, which was approved by the superior court. On March 17, 1971, appellant filed a claim in subrogation for the $11,779.11, against respondent, the County of Alameda, which claim was rejected on May 1, 1971. Filing of the complaint followed on September 20, 1971, wherein appellant sought recovery from, among others, respondent for negligent design or construction of the road and failure to correct dangerous and defective condition within a reasonable time of obtaining knowledge thereof.

The respondent Alameda County demurred to the complaint and moved for summary judgment. In support of the demurrer respondent argued that appellant's complaint was barred by the claims presentation requirements of section 911.2 of the Government Code. The motion for summary judgment was granted on January 4, 1972. This appeal followed.

■ The issue before us, which is one of first impression, is whether an insurer of an insured who failed to file a claim within 100 days of the accrual of her cause of action against the county properly may file its subrogation claim against said county within 100 days from the date of payment to the insured. We hold that it may, and accordingly we reverse the judgment.

Section 911.2 of the Government Code provides in relevant part: "A claim relating to a cause of action . . . for injury to person . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action." Section 901 of the Government Code provides that for the purpose of computing the 100-day time limit, "the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon."

The statute of limitations which would be applicable to appellant's cause of action but for the claims requirements of the Government Code

is set forth in subdivision (g) of section 11580.2 of the Insurance Code: "The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person causing such injury or death to the extent that payment was made. Such action may be brought within three years from the date that payment was made hereunder."

We interpret subdivision (g) of section 11580.2 of the Insurance Code, providing for the right of subrogation against "any person" causing such injury, to include the right of subrogation against a governmental agency. (See *Mills* v. *Farmers Ins. Exchange,* 231 Cal.App.2d 124, 128-129 [41 Cal.Rptr. 650].)

Respondent argues that subrogation is the substitution of any person to the position of an obligee whose claim he has satisfied and that the subrogee has no greater rights than his subrogor. Here the subrogor, Denise Lucchesi, if she was to make claim for injuries negligently caused by the County of Alameda, would be required to file her claim within 100 days after June 12, 1969, the date of the accident. (Or to file application for late claim within one year of her accident.) No claim was filed by Miss Lucchesi.

We have concluded, however, that subdivision (g) of section 11580.2 of the Insurance Code gives appellant the right to make its claim within 100 days after its cause of action accrued, i.e., the date of payment to Denise Lucchesi. This interpretation harmonizes what might otherwise be viewed as conflicting statutes, section 911.2 of the Government Code and subdivision (g) of section 11580.2 of the Insurance Code, by creating an exception to the well-established doctrine that the subrogee has no greater right than the subrogor. The exception has been created by the Legislature, and any changes in that exception must be legislative, not judicial.

Appellant filed its claim in a timely manner. Its cause of action accrued upon its payment to the insured, on February 4, 1971. It filed a claim with respondent on March 17, 1971, well within 100 days after said accrual.[1]

This interpretation finds support in a recent decision of our Supreme Court. (*Liberty Mut. Ins. Co.* v. *Fales,* 8 Cal.3d 712 [106 Cal.Rptr. 21, 505 P.2d 213].) Liberty's insured was injured when his car was involved in an accident with defendant Fales, who was uninsured. Liberty settled with its insured 10 months after the accident and filed an action against

---

[1]As to its cause of action, appellant does not seek exemption from the 100-day requirement of section 911.2 of the Government Code.

Fales 4 months thereafter. In his answer, Fales challenged the constitutionality of subdivision (g) of section 11580.2 of the Insurance Code, reasoning that since he was precluded from seeking affirmative relief by way of a cross-complaint because he was barred by the one-year statute of limitations, he was denied equal protection by the statute which allowed the insurer to sue him any time within three years of the payment of their insured's claim. The Supreme Court did not reach the constitutional issue, but instead created a new rule that the insurer could not raise the statute of limitations as a defense to the counterclaim under these circumstances. (*Liberty Mut. Ins. Co.* v. *Fales, supra,* 8 Cal.3d at pp. 714-715.) Although Fales did not involve a government claim problem, we find much of the language in that decision persuasive in favor of a holding for appellant herein. The court stated that the purpose of the extended limitation period provided in subdivision (g) of section 11580.2 is to protect the subrogation rights of the insurer, which under certain limited circumstances might be barred even before the right had accrued but for the section. (8 Cal.3d at p. 716.) The case at bar provides an example of that possibility. Under respondent's theory if an insured fails to file a claim within 100 days, the insurer should be barred from bringing its action, even if it does so within 100 days after it makes payment to its insured, and even though it does not have a cause of action prior to the time of said payment. Under such a theory, "there is a distinct possibility that the insurer could lose its right to succeed to the insured's claim unless the statute of limitations on the insurer's cause of action as subrogee begins to run from the time it pays the claim rather than from the time the accident occurred." (8 Cal.3d at p. 716.)

We recognize that in order to protect his claim under the uninsured motorist provision of his policy, the insured must notify the insurer within 30 days of the accident. (Ins. Code, § 11580.2, subd. (b)(2).) Respondent argues that this gives the insurer 70 days in which to file a claim with the appropriate government agency and still be within the 100-day requirement of section 911.2 of the Government Code. However, the fact remains that the insurer does not have a cause of action, and therefore has no basis for a claim, until it makes payment to its insured upon the latter's claim. We conclude that this argument is untenable. (8 Cal.3d at p. 717, fn. 7.)

The purpose of subdivision (g) of section 11580.2 of the Insurance Code, which is to render it impossible for the insurer's right of subrogation to lapse before it arises, is served not by destroying the insurer's cause of action, which would be the effect of our adopting respondent's contentions, but by allowing the insurer to file its claim within 100 days after paying its insured's claim.

We are aware that our decision may be viewed as subverting the purpose of the 100-day provision, which is "to give the governmental entity notice and an opportunity to investigate and settle meritorious claims without litigation." (*Viles* v. *State of California,* 66 Cal.2d 24, 32 [56 Cal. Rptr. 666, 423 P.2d 818].) This consequence could be avoided by the adoption of a rule requiring that the insurer file a claim with the governmental entity as soon as it learns of the possibility that it might have a cause of action some time in the indefinite future. If this is deemed an appropriate solution, we view it as action which the Legislature, and not the courts, must take.

The judgment is reversed.

Draper, P. J., and Caldecott, J., concurred.