[Civ. No. 21287. Fourth Dist., Div. Two. May 27, 1980.]

PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Plaintiff, v.
COUNTY OF RIVERSIDE, Defendant and Respondent;
DOROTHY MAE LAMBERT, Intervener and Appellant.

186

COUNSEL

Edward Coley for Intervener and Appellant.

Thompson & Colegate, J. E. Holmes III and Herbert F. Blanck for Defendant and Respondent.

OPINION

KAUFMAN, J.—On March 25, 1977, two employees of the Pacific Telephone and Telegraph Company (employer) were killed in a vehicle accident in the County of Riverside. One of the employees was J. S. Lambert, the husband of appellant Dorothy Mae Lambert (widow). Employer filed an action against the County of Riverside (County) to recover workers' compensation benefits paid on account of the death of its employees. Widow's complaint in intervention in the employer's action was dismissed after County's demurrer was sustained without leave to amend. Widow appeals.

The employer timely filed a claim against the County asserting that a dangerous condition of the roadway on which the accident occurred was a proximate cause of the accident, describing the circumstances surrounding the accident and claiming the right to recover $55,000 in death benefits paid to the survivors of each of its deceased employees and burial expenses in the amount of $1,000 paid to the survivors of each decedent. The County rejected the claim, and the employer timely filed an action in Riverside Superior Court to recover damages, including inter alia reimbursement of $112,000 in benefits paid to the survivors of its deceased employees.

Although widow did not present a claim to the County nor petition to file a late claim, nevertheless, on December 28, 1978—21 months after the accident—she filed a complaint in intervention for wrongful death in the employer's action against the County. She asserted the same theory of liability and alleged the same facts as those alleged in the employer's complaint. With respect to compliance with the government claims statute, she alleged the employer's compliance.

The County demurred to widow's complaint on the ground that she had failed to allege compliance with the claims filing requirement (Gov. Code, §§ 911.2, 945.4). The trial court sustained the demurrer without leave to amend and entered judgment of dismissal.

On appeal, widow admits that her failure to file a claim is not excused by any of the exceptions to the claims statute enumerated in Government Code sections 905, 905.1 and 905.3. She contends, however, that the claim filed by the employer substantially complied with the claims filing requirement as to her action for damages for wrongful death.

■ Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action. (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 454 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].) ■ Where there has been an attempt to comply but the compliance is defective, the test of substantial compliance controls. Under this test, the court must ask whether sufficient information is disclosed on the face of the filed claim "to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit." (*Id.*, at p. 456.) However, it has repeatedly been held that "'[s]ubstantial compliance cannot be predicated upon no compliance.'" (*Id.*, quoting *Hall* v. *City of Los Angeles* (1941) 19 Cal.2d 198, 202 [120 P.2d 13]; *Johnson* v. *City of Oakland* (1961) 188 Cal.App.2d 181, 183 [10 Cal.Rptr. 409].) Thus, widow's failure to allege that she filed any claim, defective or otherwise, would appear to preclude her from invoking the doctrine of substantial compliance.

Widow contends on three different grounds that either the rule forbidding application of the substantial compliance doctrine is inapplicable in this case or that the claim filed by the employer satisfied the claims statute as to her action for wrongful death.

### I. Class Action Theory

■ Widow argues that the action of the employer for recovery of benefits paid to the survivors of its decedent employees was brought pursuant to Labor Code sections 3850, 3852 and 3853—and that, as such, it was "tantamount to a class action," in which the class was comprised of all persons and entities described in Labor Code section 3850 and the common question (or community of interest) defined by Labor Code sections 3852 and 3853. ■ Under *City of San Jose* v. *Superior Court, supra*, 12 Cal.3d 447, the claims statute is satisfied with respect to a class if the representative of the class files a claim which complies with the requirements of the claims statute (see *infra*). ■ Therefore, widow argues, the claim filed by the employer satisfied the claims filing requirement as to all members of the class, including widow. We cannot agree.

The action brought by the employer in this case is authorized and provided for by Labor Code sections 3850, 3852 and 3853. These sections provide:

[§ 3850. Definitions] "As used in this chapter:

"(a) 'Employee' includes the person injured and any other person to whom a claim accrues by reason of the injury or death of the former.

"(b) 'Employer' includes insurer as defined in this division."

[§ 3852. Action against third persons; Recovery by employer] "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

[§ 3853. Notice to the other where action is by employer or employee: Joinder as party plaintiff or consolidation of actions] "If either the employee or the employer brings an action against such third person, he shall forthwith give to the other written notice of the action, and of the name of the court in which the action is brought by personal service or registered mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently."

 In general, chapter 5 (§§ 3850-3864) of division 4, part 1 of the Labor Code defines the rights of action of an employee and an employer where a third party is alleged to be responsible for the employee's injury. Together these sections enable both the employee and the employer to recover all their damages in a single action in which the third party's liability "'for all the wrong his tortfeasance brought about'" is determined. (*County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 872-873 [140 Cal.Rptr. 638, 568 P.2d 363], quoting *Smith* v. *County of Los Angeles* (1969) 276 Cal.App.2d 156, 162 [81 Cal.Rptr. 120].)

 The prerequisites to a class action are an ascertainable class and "a well defined community of interest in the questions of law and fact

involved affecting the parties to be represented...." (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732]; see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 181, pp. 1853-1854.) Widow maintains that pursuant to Labor Code section 3850, she and the employer were members of a class and that their common interest was established by "the claim [authorized by Labor Code, §§ 3852 and 3853]...by an employer seeking damages occasioned by the death of two employees requiring Workers' Compensation and Death Benefits to be paid to survivors...."

■ We do not reach these questions. Assuming arguendo that the employer filed a claim as a representative of a class including the employee as defined in section 3850, it does not follow that the claim for damages filed by the employer satisfied the claims statute with respect to another member of the class who suffered different damages as a result of the same tortious event. ■ In *City of San Jose* v. *Superior Court, supra*, 12 Cal.3d 447, the court held that a class claim must pass two successive tests to comply with the claims statute. First, there must be "*some* compliance with *all* the required elements...," i.e., "the class claim must provide the name, address, and other specified information concerning the *representative* plaintiff and then sufficient information to identify and make ascertainable the class itself." (*Id.*, at pp. 456-457; italics in original.) Beyond this, the claim must also satisfy the substantial compliance test. (*Id.*, at p. 457.)

■ Widow argues that the claim filed by the employer constituted substantial compliance with the claims statute insofar as the claim for wrongful death was concerned because "the policy behind the claim requirement has been substantially satisfied." In support of her contention, she cites *Rowan* v. *City etc. of San Francisco* (1966) 244 Cal.App.2d 308, 312 [53 Cal.Rptr. 88]: "The plain purpose of the notice statutes was to inform the public body of the accident upon which a claim for damages was based, to permit its agents to investigate the facts as to the time, place and condition of the premises and thus decide whether the case should be settled or litigated. The courts have been liberal in requiring nothing more than substantial compliance." (Citing *Johnson* v. *City of Oakland, supra*, 188 Cal.App.2d 181, 183.)

However, it is clear in this case that the claim of the employer did not satisfy the substantial compliance test insofar as widow's claim for damages for wrongful death is concerned. The employer's claim merely averred the circumstances of the accident and sought reimbursement of

workers' compensation benefits paid. It did not give the County notice of the fact that widow claimed damages for the wrongful death of her husband nor the extent of the damages claimed.

"It is not the purpose of the claims statutes to prevent surprise. Rather, the purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. (*Eastlick* v. *City of Los Angeles* (1947) 29 Cal.2d 661, 667 [177 P.2d 558, 170 A.L.R. 225]; *Jackson* v. *Board of Education* (1967) 250 Cal.App.2d 856, 859 [58 Cal.Rptr. 763].) It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel. (*Hall* v. *City of Los Angeles* (1941) 19 Cal.2d 198, 203 [120 P.2d 13]; *Powers Farms* v. *Consolidated Irr. Dist., supra*, 19 Cal.2d 123, 130 [119 P.2d 717]; *Johnson* v. *City of Oakland, supra*, 188 Cal.App.2d 181, 184; *Allen* v. *L. A. City Board of Education* (1959) 173 Cal. App.2d 126, 129 [343 P.2d 170]; *Ghiozzi* v. *City of South San Francisco* (1946) 72 Cal.App.2d 472, 476 [164 P.2d 902]; *Eppstein* v. *City of Berkeley* (1942) 52 Cal.App.2d 395, 397 [126 P.2d 365].)" (*City of San Jose* v. *Superior Court, supra*, 12 Cal.3d 447, 455.)

In *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844 [114 Cal.Rptr. 518], the court was faced with a contention that was virtually identical to the contention of widow here. There the employee's widow failed to file timely a claim for wrongful death and her petition to file a late claim on her own behalf was denied. She argued that the employer's filing of a claim for reimbursement of workers' compensation benefits provided the affected governmental entity with notice sufficient to satisfy the purposes of the claims statute, and that therefore the trial court erred in failing to grant her petition for leave to file a late claim for wrongful death. The court rejected the argument, stating: "If we accept her analysis of the purposes of the statutes involved, it does not follow that the filing of a claim by an insurance carrier and an employer would 'satisfy' such purposes as to [the widow], as she would have us hold. The fact that the state has been put on notice that a workmen's compensation carrier and an employer may sue it alerts the state to possible liability under the Labor Code. *But that exposure is different in kind and nature from exposure to a wrongful death action by a wife with all the attendant possibilities of complex litigation and the possibility of extremely high damages if liability is established.* The

contention overlooks the fact that one of the purposes of the claims statute is to provide opportunity for orderly fiscal planning by advance knowledge of potential claims and to provide opportunity for the entity to rectify promptly a condition that resulted in injury and so prevent further losses." (Citing 2 Cal. Law Revision Com. Rep. (1959) pp. A-73—A-75; 4 *ibid.* (1963) pp. 1008-1009.) (*Roberts* v. *State of California, supra*, 39 Cal.App.3d 844, 848; italics added.)

We conclude, therefore, that even if the employer's action could be regarded as a class action on behalf of the persons and entities listed in Labor Code section 3850, the claim filed by the employer did not relieve widow of the necessity of filing a claim for damages for wrongful death.

### II. The Tolling Argument

■ Widow contends that because the employer's filing suit would toll the statute of limitation as to her cause of action against the County (see *Harrison* v. *Englebrick* (1967) 254 Cal.App.2d 871, 874-875 [62 Cal.Rptr. 831]; *State Comp. Ins. Fund* v. *Matulich* (1942) 55 Cal. App.2d 528, 529-531 [131 P.2d 21]) and because the purposes and effects of the statute of limitations and claims statutes are similar (see *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 636-637 [86 Cal.Rptr. 198]), the claims filing requirement as to her action for wrongful death was satisfied by the claim filed by the employer. We do not agree.

The fact that the employer's filing suit might have tolled the statute of limitations as to widow's action against the County does not mean that the employer's filing of a claim for reimbursement of workers' compensation benefits relieved her of the necessity of filing a claim for damages for wrongful death. ■ As previously noted, the purpose of the claims statute is to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." (*City of San Jose* v. *Superior Court, supra*, 12 Cal.3d 447, 455.) ■ As already indicated, the claim filed by the employer did not fulfill the purposes of the claims statute with respect to the widow's claim for damages for wrongful death.

Widow's reliance on this court's decision in *Myers* v. *County of Orange, supra,* 6 Cal.App.3d 626, is mistaken. In that case a widow

sought damages from governmental entities for the wrongful discharge of her husband. We held that the rule tolling statutes of limitation should also be applied to toll the running of the one-year claim period. There, the widow's attorney had written a letter informing the affected governmental entity of "substantially all of the information required by section 910 of the Government Code...," including "the precise benefits claimed to have been lost as a result of the wrongful discharge...." (*Myers* v. *County of Orange, supra,* 6 Cal.App.3d 626, 637.) Further, "implicit in the letter was the fact that, if the order of discharge were not rescinded, damage in the form of the itemized lost benefits would result." (*Id.*)

Thus, the letter in *Myers* informed the governmental agency not only of the circumstances giving rise to the widow's claim for damages, but of the extent and nature of her damages and of her intention to seek relief. In the instant case, the claim of the employer did not indicate any claim on the part of widow nor the nature or amount of any damages that might be claimed by her.[1]

*III. Statutory Subrogation Authority*

■ Widow contends that Labor Code sections 3850 and 3853 constitute a "special statutory subrogation authority" which gives an employee the right to join an action against a public entity third party even after the period in which to file a claim has passed. We must recognize this right of subrogation, widow argues, in order to "reconcile the right of joinder under Labor Code Section 3853 at any time prior to trial...with Government Code Section[s] 911.2, 911.4, [and] 946.6[,] which would otherwise cut off that right one year after accrual of the action...."

Contrary to widow's assertion, there is no conflict among the statutes that requires us to "reconcile" section 3853's grant of a right of joinder prior to trial with the claim requirement of the Government Code. The claims filing requirement does not abrogate the right of joinder; it merely conditions the availability of joinder where the third party is a governmental entity.

---

[1] The widow also places some reliance on *City of Redondo Beach* v. *Superior Court*, 2 Civ. 55010, 55127. However, the Supreme Court has granted a hearing in that case. (L.A. 31102, Apr. 12, 1979.)

Widow argues that *Allstate Ins. Co.* v. *County of Alameda* (1973) 33 Cal.App.3d 418 [109 Cal.Rptr. 53], supports the existence of a special statutory subrogation authority to join an action after the period for filing a claim has passed. *Allstate* is inapposite, however. There the issue before the court was whether the insurer, whose insured had failed to file a claim within 100 days of the accrual of the insured's cause of action against the county, could still file its subrogation claim against the county within 100 days of the date of payment to the insured. (*Id.*, at p. 420.) The court concluded that the insurer *could* file its claim within 100 days of the date of payment to the insured, on the ground that pursuant to Insurance Code section 11580.2, subdivision (g), the insurer's right to make a claim expired 100 days after the accrual of *its* cause of action, i.e., 100 days after payment to its insured. (*Id.*, at p. 421.) The holding of the court rested on its decision not to require an insurer to file a claim within 100 days of the date it learned that it *might* have a cause of action at some time in the indefinite future. (*Id.*, at p. 423.) No such problem is presented in the instant case.

In the absence of any showing to the contrary, it must be presumed that the Legislature intended the right of subrogation in Labor Code section 3853 to be read in the context of and subject to the claims filing requirement of the Government Code.

*Disposition*

Judgment affirmed.

Tamura, Acting P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 6, 1980.