Anthony La Wayne ROBINSON,
Petitioner–Appellant,

v.

Michael PICKETT, Warden; M.A. Garza, Correctional Officer at CIMC; D.E. Redmon, Correctional Officer at CIMC; Unknown Dunmyer, Correctional Officer, Respondents–Appellees.

No. 99–56747.
D.C. No. CV–94–04234–DT.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 12, 2000.*

Decided April 4, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM **

State prisoner Anthony La Wayne Robinson ("Robinson") appeals from the district court's judgment on the jury verdict dismissing his federal civil rights claims and the district court's grant of summary judgment dismissing his state tort claims. Robinson argued before the district court that three correctional officers ("Officers"), D.E. Redmon ("Redmon"), Michael Garza ("Garza"), and Joseph Dunmire ("Dunmire"), used cruel and excessive force against him. He claims on appeal that the district court improperly ignored his Fourteenth Amendment cause of action, im-

---

** This disposition is not appropriate for publication and may not be cited to or by the

properly denied his renewed motion to compel interrogatory responses, and erred in granting summary judgment as to his state tort claims based on a finding that he failed to comply with the California Tort Claims Act ("CTCA"). We affirm the judgment as to Robinson's federal civil rights claims, but reverse the grant of summary judgment as to his state tort claims.

I. The Fourteenth Amendment as a Separate Cause of Action

■ Robinson claims that the district court failed to address his Fourteenth Amendment claim. We disagree. Robinson's civil rights claim that the Officers infringed on his right to be free from cruel and unusual punishment was properly analyzed under the Eighth Amendment. If a claim implicates a specific constitutional right, then the claim should be analyzed under the standard that governs that right, and not under the Due Process Clause of the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Moreover, prison inmates, in contrast with pretrial detainees or persons with unrestricted liberty, are protected against unjustified force by the Cruel and Unusual Punishments Clause of the Eighth Amendment and gain no greater protection from the Fourteenth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *Anderson v. County of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995). Thus, the district court was correct in analyzing Robinson's cruel and unusual punishment allegations exclusively under the Eighth Amendment.

■ Robinson also raises two additional Fourteenth Amendment arguments for the first time on appeal: (1) that the district

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

court erred in allowing the Officers to file a renewed motion for summary judgment on Robinson's state tort claims; and (2) that the Officers violated Due Process and Equal Protection by not filing a rule violation report of the incident. These claims differ from the Fourteenth Amendment claim Robinson presented to the district court, which concerned only the Officers' use of excessive force. Therefore, we decline to consider these new Fourteenth Amendment claims on appeal. *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

## II. Discovery

■ Robinson also raises three discovery objections. First, he contends that Officer Dunmire committed perjury by falsely stating that he prepared a rule violation report for prison records, but miswrote Robinson's prisoner number on it. Second, Robinson argues that Dunmire lied in response to an interrogatory by stating that he had not had any previous allegations of assault or excessive force. Third, Robinson contends that the Officers failed to respond to the court's motion to compel. The first two arguments were not raised, however, prior to this appeal, and accordingly, we decline to address them. *See id.*

■ The district court did address the third issue by denying Robinson's application to compel disclosure. We review the district court's discovery rulings for an abuse of discretion. *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir.1999). We conclude that, because Robinson renewed his motion almost two years after the Officers were obliged to comply, the district court did not abuse its discretion in denying the motion to compel disclosure.

## III. Compliance with the CTCA

The district court disposed of Robinson's state tort claims through summary judgment, holding that Robinson failed to demonstrate compliance with the CTCA, which requires that plaintiffs pursuing causes of action against a public entity or employee first present a claim to the public entity. Cal. Gov't Code § 945.4; *Hart v. County of Alameda,* 76 Cal.App.4th 766, 778, 90 Cal.Rptr.2d 386 (Cal.Ct.App.2000).

Robinson contends that he properly filed a claim with the Government Claims Division for the State Board of Control ("the Board"). Prior to summary judgment, he presented two pieces of evidence to support this contention. The first is an unsigned letter addressed to him, written by the Board, dated April 12, 1994, and referencing a claim Robinson filed two months after his alleged injury. That evidence is uncontested. The second is a duplicate copy of the claim that Robinson allegedly filed with the Board, containing a detailed description of the alleged assault. The admissibility and weight of this document are contested.

■ The Officers first ask us to disregard the copy of the claim because Robinson presented it in an untimely manner. We disagree and conclude that the copy of the claim is appropriately before us. Robinson submitted this evidence prior to the deadline for any objections to the Magistrate Judge's Report and Recommendation and prior to the district court's consideration of summary judgment. We may consider evidence that was before the district court at the time of summary judgment. *Chapman v. AI Transport,* 229 F.3d 1012, 1026 (9th Cir.2000). Furthermore, although the Magistrate Judge had discretion to disregard the evidence as untimely, she chose not to. *Cf. Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1519 (9th Cir.1983). Because the document was properly part of the record when the district court considered summary judgment, it is properly part of the

record for consideration by this court as well.

■ Because the copy of the claim is available for our consideration, we next must determine whether the copy of the claim was sufficiently authenticated. The Magistrate Judge, and the District Judge that adopted her recommendation, deemed the evidence insufficiently authenticated for consideration in summary judgment. A district court's order excluding evidence in the context of summary judgment is reviewed for an abuse of discretion. *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1011 (9th Cir.1997).

■ Unauthenticated documents cannot be considered on a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987). Federal Rule of Evidence 901(a) requires "authentication or identification as a condition precedent to admissibility." In order to be considered in summary judgment, "documents must be authenticated by and attached to an affidavit that meets the requirements of Fed.R.Civ.P. 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Id.* at 925 (internal quotations omitted).

■ Although we agree with the district court that, because the claim lacked an official stamp from the Board of Control, it cannot be authenticated as a public record, we conclude that Robinson's affidavit is sufficient to authenticate the document through personal knowledge. *See Fed.R.Evid.* 901(b)(7); *Fed.R.Evid.* 901(b)(1); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1551 (9th Cir.1990). Robinson is "a witness with personal knowledge of the facts who attests to the identity and due execution of the document and ... its delivery." *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1182 (9th Cir.

1988) (quoting *United States v. Dibble,* 429 F.2d 598, 602 (9th Cir.1970)). While Robinson's affidavit alone may serve to authenticate his claim, without any official certification to designate the claim as a public record, the affidavit is insufficient to prove that the claim was indeed filed with the Board. However, the letter sent to Robinson from the Board confirming receipt of the claim supports Robinson's contention that he did indeed file the claim. Drawing all inferences in favor of the non-moving party, this evidence taken together raises an issue of material fact sufficient to preclude summary judgment based on a failure to file a claim with the state. *See Simkins v. NevadaCare, Inc.,* 229 F.3d 729, 733 (9th Cir.2000).

■ The Officers contend, in the alternative, that we should affirm the grant of summary judgment because the claim Robinson submitted failed to allege the state claims that he asserted in his second amended complaint. Under the CTCA, plaintiffs may not allege causes of action in court that are not reflected in their written administrative claims. *Stevenson v. San Francisco Hous. Auth.,* 24 Cal.App.4th 269, 276, 29 Cal.Rptr.2d 398 (Cal.Ct.App. 1994).

■ Their argument is unavailing. Robinson's claim met the requirements of the CTCA because the facts described in it "substantially correspond with the causes of action pled." *Shoemaker v. Myers,* 2 Cal.App.4th 1407, 1426, 4 Cal.Rptr.2d 203 (Cal.Ct.App.1992). The claim contained "[t]he date, place and other circumstances of the occurrence," "[a] general description of the ... injury," and "[t]he name or names of the public employee or employees ... if known." Cal. Gov.Code § 910. Furthermore, Robinson's claim to the Board alleges the same abuses that form the basis of his state tort claims, dealing with mistreatment of prisoners, and pro-

vides adequate notice to the state for these causes of action. *See Pac. Tel. & Tel. Co. v. County of Riverside,* 106 Cal.App.3d 183, 188, 165 Cal.Rptr. 29 (Cal.Ct.App. 1980) (internal citations and quotations omitted).

Lastly, the Officers argue that Robinson's claim was defective because it failed to identify defendants Garza and Redmon by name. However, the CTCA only requires the names of public employees if they are known. Cal. Gov.Code § 910.

In sum, the facts included in the claim that Robinson submitted to the Board meet the requirements of the CTCA and adequately support his state tort causes of action. Therefore, we reverse the district court's grant of summary judgment.

### Conclusion

We affirm the district court's judgment dismissing Robinson's federal civil rights cause of action because it correctly evaluated the causes of action based on cruel and unusual punishment under the Eighth Amendment, and because the court did not abuse its discretion in denying this motion to compel. However, we reverse the district court's grant of summary judgment as to Robinson's state tort claims.

We express no opinion on the availability of summary judgment on grounds not presented to the district court. *Jensen v. Lane County,* 222 F.3d 570, 580 (9th Cir. 2000).

AFFIRMED in part, REVERSED in part, and REMANDED.