[No. F005582. Fifth Dist. Feb. 4, 1987.]

CLARENCE DILTS, Plaintiff and Appellant, v.
CANTUA ELEMENTARY SCHOOL DISTRICT, Defendant and Respondent.

COUNSEL

Joseph J. DeHope, Jr., Bullen, McKone, McKinley, Gay, Keitges & Pach and Daryl J. McKinstry for Plaintiff and Appellant.

Floyd R. B. Viau, County Counsel, Max E. Robinson, Assistant County Counsel, and Michael E. Smith, Deputy County Counsel, for Defendant and Respondent.

OPINION

BALLANTYNE, J.—

INTRODUCTION

This is an appeal from an order sustaining respondent's demurrer without leave to amend and a judgment of dismissal of appellant's second amended complaint for breach of a written employment contract.

The allegations of the complaint and attached exhibits must be accepted as true for purposes of determining whether the trial court properly sustained the demurrer without leave to amend and dismissed appellant's complaint. (*Loehr* v. *Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1077 [195 Cal.Rptr. 576].)

The allegations of the second amended complaint may be summarized as follows: Appellant, Clarence Dilts, was first employed by respondent, Cantua Elementary School District, on or about December 20, 1979, as district superintendent. The terms and conditions of Dilts's employment were contained in a written contract which was to expire on June 30, 1980. On or about July 15, 1980, the parties entered into a new employment contract which extended Dilts's employment to June 30, 1982. On December 15, 1980, Dilts's performance was evaluated by the district and the contract was extended to July 1, 1983. On December 3, 1981, his performance was again evaluated and the contract was extended to July 1, 1984. On or about February 27, 1982, the district notified Dilts that his contract would terminate July 1, 1982, and on May 14 of that same year the school board adopted a resolution to that effect. On May 25, 1982, correspondence began between Dilts's attorney and the school district's attorney regarding Dilts's discharge. The first letter from Dilts's attorney advised that he considered the termination of his contract to be a breach of the contract and offered to accept $30,000 in exchange for his resignation as settlement of the dispute. On July 1, 1982, his termination became effective. On July 12, 1982, another letter was sent on behalf of Dilts offering, inter alia, to settle for a payment of $20,000. On July 14, 1982, Dilts submitted a letter of resignation conditioned upon the acceptance of his terms of settlement. On July 19, 1982, the district's attorney sent a letter to Dilts's attorney containing a proposed settlement and release of all claims. On July 28, 1982, a letter was sent by Dilts's attorney agreeing to the terms of the settlement proposed by the district on the condition that the payment of the $20,000 be considered as "additional salary for the 1981/82 year." In this letter the district was advised that if it did not agree to Dilts's proposed terms of settlement, appellant would "file the appropriate litigation for breach of contract and ask for

damages for the balance due under the employment contract together with reasonable attorney's fees and costs." The district did not respond to Dilts's attorney's final letter and the instant action was filed.

The trial court sustained the district's demurrer to the first complaint on the grounds the complaint did not properly allege compliance with the claims requirements of the California Tort Claims Act.

A second amended complaint was filed which contained an additional paragraph which stated that Dilts had "presented a written claim for damages to defendant for breach of his written employment contract which claim consisted of the documents attached hereto marked exhibits D through I." The documents referred to by Dilts were the letters written by and between his attorney and the attorney for the school district. In sustaining the district's demurrer to the second amended complaint without leave to amend, the trial court concluded that the correspondence referred to in the complaint did not constitute sufficient compliance with the Tort Claims Act.

DISCUSSION

I.

DILTS'S CLAIM IS NOT EXEMPT FROM THE CLAIMS PRESENTATION
REQUIREMENTS OF THE TORT CLAIMS ACT.

Section 945.4 of the California Government Code[1] provides that no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been rejected in whole or in part. Presentation of a claim, when required by law, is a mandatory prerequisite to maintenance of any cause of action against a public entity. (*State of California* ex rel. *Dept. of Transportation* v. *Superior Court* (1984) 159 Cal.App.3d 331, 334 [205 Cal.Rptr. 518].) In those circumstances in which a claim must be presented, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer. (*Snipes* v. *City of Bakersfield* (1983) 145 Cal.App.3d 861, 865 [193 Cal.Rptr. 760].) Actions for breach of contract fall within the scope of claims for money or damages and thus compliance with the Tort Claims Act filing requirements is compelled. (*Loehr* v. *Ventura County Community College Dist., supra,* 147 Cal.App.3d 1071, 1079.)

---

[1] All references are to the Government Code unless otherwise stated.

■ Dilts contends that although his action is ostensibly for money damages, it is a claim for lost salary and retirement benefits exempted from the claims requirement pursuant to section 905, subdivisions (c) and (f).[2] For the reasons discussed below, this contention is without merit.

The exceptions to which Dilts refers have been narrowly construed to exempt claims for salaries, wages or benefits which have been *earned but not paid.* (*Loehr* v. *Ventura County Community College Dist., supra,* 147 Cal.App.3d at p. 1080.) "Earned but unpaid salary or wages are vested property rights, claims for which may not be properly characterized as actions for monetary damages. [Citations omitted.] [¶] Similarly, the exemption specified in section 905, subdivision (f) must be limited to benefits earned during the course of employment."

Since Dilts does not seek to recover salary or wages previously earned or retirement benefits to which he is presently entitled, his claim is purely for monetary damages which necessitates compliance with the claims presentation requirements of the Tort Claims Act.

II.

APPELLANT HAS NOT SUBSTANTIALLY
COMPLIED WITH THE TORT CLAIMS ACT.

■ The primary function of the Tort Claims Act is to apprise the governmental body of imminent legal action so that it may investigate and evaluate the claim and where appropriate avoid litigation by settling meritorious claims. (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].) Compliance with the claims statute is mandatory and failure to file a claim is fatal to a cause of action. (*Id.* at p. 454.) The fact that a public entity has full knowledge of the claim and related circumstances is not sufficient to excuse noncompliance. (*Loehr* v. *Ventura County Community College Dist., supra,* 147 Cal.App.3d at p. 1084; see also *City of San Jose* v. *Superior Court, supra,* 12 Cal.3d at p. 455; *State of California* ex rel. *Dept. of Transportation* v. *Superior Court,*

---

[2]Section 905 provides, in pertinent part, as follows: "There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part all claims for money or damages against local public entities except:

" . . . . . . . . . . . . . . .

"(c) Claims by public employees for fees, salaries, wages, mileage or other expenses and allowances.

" . . . . . . . . . . . . . . .

"(f) Applications or claims for money or benefits under any public retirement or pension system."

*supra,* 159 Cal.App.3d at p. 335; *Pacific Tel. & Tel. Co.* v. *County of Riverside* (1980) 106 Cal.App.3d 183, 191 [165 Cal.Rptr. 29].)

However, the act should not be applied to snare the unwary where its purposes have been satisfied. (*Jamison* v. *State of California* (1973) 31 Cal.App.3d 513, 518 [107 Cal.Rptr. 496].) ■ Consequently, courts employ the test of substantial compliance rather than strict compliance in deciding whether a plaintiff has met the requirements of the Tort Claims Act. (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d at pp. 456-457.) The test for the sufficiency of a particular claim is set forth in *City of San Jose* v. *Superior Court, supra,* at pages 456-457: "[W]e conclude that to gauge the sufficiency of a particular claim, *two* tests shall be applied: Is there *some* compliance with *all* of the statutory requirements; and, if so, is this compliance sufficient to constitute *substantial* compliance?" (Italics in original.) (See also *Dhuyvetter* v. *City of Fresno* (1980) 110 Cal.App.3d 659, 664-665 [168 Cal.Rptr. 61].)

Where there has been *an attempt to comply but the compliance is defective,* the court must ask whether sufficient information is disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim to settle it without expensive litigation. (*Pacific Tel. & Tel. Co.* v. *County of Riverside, supra,* 106 Cal.App.3d at pp. 188-189.) So long as the purposes of the claims statute are effectuated, its requirements should be given a liberal construction in order to permit full adjudication of the case on its merits. (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 123 [113 Cal.Rptr. 102, 520 P.2d 726].)

The present case tests the outer limits of this policy of liberal construction.

A. *Can the letters properly be considered collectively to constitute a claim?*

■ The threshold question appears to be whether Dilts filed a defective claim, in which case the doctrine of substantial compliance can be applied, or whether Dilts filed no claim, in which case he cannot invoke the doctrine of substantial compliance. In order to answer this question we must decide whether or not to consider a series of letters between the parties' attorneys as a claim for purposes of the Tort Claims Act. There are no cases addressing this issue.

Dilts contends that although a formal claim was not filed with the school district, the letters to the district's attorney contained substantially all of the information required under the Tort Claims Act. According to Dilts, no

weight should be given to the fact that the information given to the district was not intended to comply with the statute. It is sufficient, Dilts argues, that the information contained in the correspondence enabled the district to investigate his claim and to settle it without litigation. Dilts cites as authority for this proposition *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626 [86 Cal.Rptr. 198] and *Ridge* v. *Boulder Creek etc. School Dist.* (1943) 60 Cal.App.2d 453 [140 Cal.Rptr. 990].[3]

The district contends that Dilts cannot invoke the doctrine of substantial compliance because the correspondence between the parties cannot be considered a "claim." The district's argument is threefold. First, substantial compliance requires a bona fide attempt to comply with the act and the letters were not sent in an attempt to comply with the act. In support of this proposition the district cites *Pacific Tel. & Tel. Co.* v. *County of Riverside, supra,* 106 Cal.App.3d 183, *Jamison* v. *State of California, supra,* 31 Cal.App.3d 513, *Ridley,* v. *City etc. of San Francisco* (1969) 272 Cal.App.2d 290 [77 Cal.Rptr. 199], and *Stromberg* v. *L. A. County Flood etc. Dist.* (1969) 270 Cal.App.2d 759 [76 Cal.Rptr. 183]. Second, courts uniformly have applied the doctrine of substantial compliance to a single formal claim which contains minor irregularities. Third, if a series of letters could collectively constitute a claim, the entire claims procedure would become unworkable.

While it is true that the cases cited by Dilts, *Myers* v. *County of Orange* and *Ridge* v. *Boulder Creek,* can be interpreted as requiring only that the purposes of the act be served regardless of intent to comply, these cases dealt with factual and procedural circumstances distinct from the present case.

In *Myers,* a widow filed a complaint for wrongful discharge against the county, which had been her late husband's former employer, but had failed to file a tort claim. The widow was seeking to recover pension benefits which would have accrued prior to her husband's death if the county had not discharged him. The widow had pursued other administrative procedures for recovering the pension benefits and the court held that the time period for filing a tort claim had been tolled while she had pursued these remedies.

---

[3]In his supplemental brief Dilts cites *Foster* v. *McFadden* (1973) 30 Cal.App.3d 943 [106 Cal.Rptr. 685] as further authority for the proposition that intent to comply with the Tort Claims Act is irrelevant. His reliance upon *Foster* is misplaced. In that case a letter from plaintiff's attorney, not addressed to the proper entity, not labeled "claim," not containing the word "claim" and missing several items required by section 910 was found *not* sufficient to constitute substantial compliance, but sufficient under section 910.8 to place the entity upon notice that plaintiff was attemping to file a deficient claim with the wrong entity. Under section 910.8 the board was required to give written particularized notice to the claimant within 20 days of the insufficiency of the claim. Failure to give such notice constituted a waiver of the government entity's defense that the claim was insufficient. Appellant has not raised the issue of waiver at any time in these proceedings.

(6 Cal.App.3d at p. 637.) The court did not hold that the widow had substantially complied with the act. The language to which Dilts refers regarding the sufficiency of the widow's letter to the county is merely dicta concerning the equitable considerations which supported the court's ultimate decision. "We see no good reason, therefore, why the rule of *Tu-Vu* and *County of Santa Clara,* tolling statutes of limitation, should not be applied to toll the running of the one-year claim period, particularly in a case such as this where the plaintiff's communications with the governmental entity gave ample information well within the one-year claim period to satisfy the purposes of the claims statute. The letter from plaintiff's attorney to the appeal board dated April 11, 1967, and verified by plaintiff contained substantially all of the information required by section 910 of the Government Code except a dollar amount of the loss sustained by plaintiff. It did itemize, however, the precise benefits claimed to have been lost as a result of the wrongful discharge and, thereby, furnished the basis for the ascertainment of said dollar amount. The letter, of course, did not purport to be a claim for damages, but implicit in the letter was the fact that, if the order of discharge were not rescinded, damage in the form of the itemized lost benefits would result. If the requisite information is in fact given, it is not essential that it be given with the intention of complying with the claims statute." (*Id.* at p. 637.)

In *Ridge* v. *Boulder Creek, supra,* 60 Cal.App.2d 453, the *plaintiff had filed a claim* with the district but the district contended that the claim was insufficient. The court found that the claim substantially complied with the statutory requirements and stated: "In deciding what is in fact substantial compliance with a statute no weight should be given to the fact that the information imparted was not intended to comply with the statute. The only issue, as we see it and as the doctrine is enunciated in the cases, concerns the purpose of the statute and whether in fact the acts done subserved the purpose of the statute, complying therewith in substance but not in the exact form prescribed." (60 Cal.App.2d at p. 458.)

Neither of these cases dealt with the situation where a plaintiff had sent a series of letters to the governmental agency and attempted to adopt the doctrine of substantial compliance.

Furthermore, a construction of the law as urged by Dilts does not withstand scrutiny. As noted previously, the often-cited purpose of the claims act is to enable the public entity to make an adequate investigation of the merits of the claim and to settle the claim without the expense of litigation. (See, e.g., *State of California* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 159 Cal.App.3d at p. 335.) However, there are other practical considerations in determining whether or not the purposes of the act are being served. The established procedure for the filing of claims pursuant to the Tort

Claims Act would become totally unworkable if this court were to hold that a series of writings could collectively be considered a claim.

If a series of letters received over a period of time could collectively constitute a claim, it would be impossible to ascertain whether a claim had been presented within the 100 days or one-year time limitation as specified in section 911.2. The act provides that if a claimant files a timely claim, the public entity has 45 days within which to grant or deny the claim. (§ 911.6.) If the claim is denied by way of written notice, the claimant has six months within which to file a court action. (§ 913.) If the claim is not acted upon by the public agency within 45 days, it is deemed denied by operation of law and the claimant has 2 years within which to file a court action. (§ 945.6.) It would be difficult for the public entity to identify whether a particular letter were a claim and which letter triggered its obligation to accept or deny a claim if a series of correspondence could be considered collectively to constitute a claim. If an agency was unable to determine whether a claim had been filed or when the claim had been filed, it would be equally difficult for the court to determine which statute of limitation applied or when the statute of limitation began to run.

The procedures prescribed by the Tort Claims Act envisioned the filing of a single claim with the public entity so that the public entity may investigate the claim, consider settlement and formally approve or reject a claim. The letters sent to the district on behalf of Dilts by his attorney do not constitute a claim within the meaning of the Tort Claims Act, and the doctrine of substantial compliance cannot be applied.

B. *Even assuming arguendo that the letters can be deemed to constitute a claim, their contents do not substantially comply with the requirements of the Tort Claims Act.*

██ Section 910 sets forth the essential elements to be included in a claim: "A claim shall be presented by the claimant or by a person acting on his behalf and shall show:

"(a) The name and post office address of the claimant;

"(b) The post office address to which the person presenting the claim desires notices to be sent;

"(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

"(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;

"(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known; and

"(f) The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed."

 Although a claim need not conform to pleading standards, the facts constituting the causes of action in the complaint must substantially correspond with the circumstances described in the claim as a basis of the plaintiff's injury. (*Loehr* v. *Ventura County Community College Dist., supra,* 147 Cal.App.3d at pp. 1082-1083.) The doctrine of substantial compliance cannot cure the total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute. (*Ibid.*)

 Exhibits D through I attached to the complaint and identified as the "claim" do not contain the name and post office address of the claimant, do not contain the name or names of the public employee or employees causing Dilts's alleged injury, and do not provide a sufficient description of the circumstances which gave rise to the "claim."

The letters do not describe the circumstances of employment, except to state that the contract would not expire until June 30, 1983. Most significantly, however, the letters do not identify which acts by the district constitute a breach of contract. The letter of May 25, 1982, warns the district that any efforts to terminate Dilts's contract were totally ineffectual and that serious problems existed regarding the manner in which the board had handled the entire matter. The letter of July 12, 1982, contains the terms of settlement demanded by Dilts, but then the letter dated July 14, 1982, is a letter of resignation conditioned upon settlement according to the terms proposed by Dilts. Exhibit G, which is a letter from the district's attorney, cannot properly be considered a portion of Dilts's claim since it was not sent by Dilts or on his behalf, nor can exhibit H which is the settlement agreement drafted by the district. A letter dated July 28, 1982, from Dilts's attorney, accepts the terms of settlement proposed by the district conditioned upon their characterization of the $20,000 settlement as additional salary for the 1981/1982 school year. This letter does contain a statement that litigation for breach of contract would be initiated if the dispute were not settled, but more closely resembles a basis for negotiated settlement as opposed to a

claim. (See *Loehr* v. *Ventura County Community College Dist., supra,* 147 Cal.App.3d 1071, 1083.)

Even if this court agreed to piece together the letters submitted on behalf of Dilts to the district in order to constitute a "claim," they do not contain sufficient information to constitute substantial compliance with the Tort Claims Act.[4] "The filing of a claim is not simply an exercise in paper work or a perfunctory condition precedent to instituting litigation. There must be compliance with the requirements of the statute which will permit the government to make a meaningful decision in allowing or disallowing the claim." (*Eaton* v. *Ventura Port Dist.* (1975) 45 Cal.App.3d 862, 867 [119 Cal.Rptr. 746].)

Since the letters sent on Dilts's behalf did not contain the information required by the claims statute, the district was never given an opportunity to grant or deny a claim against it. Therefore, the letters did not fulfil the purposes of the Tort Claims Act.

## CONCLUSION

Plaintiff was required to file a timely claim with the school district since his complaint seeks money or damages and does not fall within one of the exemptions recognized under the Tort Claims Act. The compilation of letters sent on behalf of Dilts does not constitute a claim within the meaning of the Tort Claims Act, nor does the information contained in those letters substantially comply with the requirements of section 910.

## DECISION

The judgment is affirmed. Respondent is awarded costs on appeal.

Woolpert, Acting P. J., and Hamlin, J., concurred.

---

[4]In his supplemental brief, Dilts argues that exhibit D, a letter from his attorney dated May 25, 1982, was the claim to which this court should apply the doctrine of substantial compliance. This contention is without merit. It necessarily follows from our determination that the letters collectively do not substantially comply with the Tort Claims Act that this letter alone does not substantially comply with the act.