Filed 2/6/23 Weigele v. Salida Fire Protection District CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD WEIGELE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>SALIDA FIRE PROTECTION DISTRICT,<br><br>    Defendant and Respondent. | F083971<br><br>(Super. Ct. No. CV-21-000657)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County. Stacy P. Speiller, Judge.

Siegel, Yee, Brunner & Mehta, Daniel Siegel and Jane Brunner for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Morin I. Jacob and Nathan T. Jackson for Defendant and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Snauffer, J.

In this appeal, appellant Richard Weigele challenges the trial court's order denying his petition to be relieved of the requirement to file a claim under the Government Claims Act (GCA) (Gov. Code,[1] § 900 et seq.), and the dismissal of his case after the court sustained respondent Salida Fire Protection District's (SFPD) demurrer to appellant's first amended complaint seeking damages. Following our review in this matter, we affirm the order and the judgment.

## BACKGROUND

The SFPD hired appellant as its interim fire chief in July 2018. In October 2018, appellant was designated SFPD's Fire Chief under a two-year contract of employment. On July 24, 2020, appellant was presented with a settlement agreement that would require him to resign his position as the fire chief. Thereafter, on July 27, 2020, appellant was informed his employment contract would not be renewed, and instead it would be allowed to expire on October 3, 2020.

The complaint appellant filed against SFPD alleged that during almost his entire tenure as either the interim or permanent fire chief, appellant conducted investigations of the former fire chief surrounding the potential misappropriation of funds, and the unauthorized use of equipment by SFPD board members and other individuals. Appellant also alleged he conducted investigations of various entities and/or individuals who were not charged a fee when using SFPD's facilities, as was required. Many of these entities or individuals were apparently connected to the former fire chief. The allegations of the complaint also discussed appellant's discovery of the misuse of funds provided through the United States Department of Homeland Security, and his cooperation with the Federal Bureau of Investigation on these issues. The allegations also discussed the fact appellant was being investigated by the SFPD board for

---

[1] All further statutory references are to the Government Code, unless otherwise specified.

2.

discriminating against an employee of SFPD on the basis of age, and that this investigation may have led to the settlement agreement offered to appellant before he was informed his employment contract would not be renewed. Appellant alleged this decision was actually taken in retaliation for his various investigations involving the prior fire chief and other employees of SFPD.

After appellant's employment contract ended on October 3, 2020, his attorney sent a demand letter to outside counsel for SFPD on November 30, 2020. The letter summarized the facts of appellant's employment with SFPD, accused the board of retaliating against appellant when not renewing his employment contract, and made a demand for three years of compensation and attorney fees. The demand letter also asked the board to rescind the decision to terminate his employment. The letter sought a response to this proposal by December 14, 2020. On December 14, 2020, appellant's attorney was contacted by another attorney, who stated she had just been hired by SFPD to respond to the demand letter, and that she would provide a response once she had an opportunity to review the contents of the letter. This new attorney never provided a response to appellant.

Appellant filed a complaint against SFPD alleging retaliation on February 7, 2021. A demurrer to this complaint was overruled on April 27, 2021. We are provided with no further procedural steps taken in this case until September 2, 2021, when an attorney representing SFPD tried to "meet and confer" with the attorneys for appellant on a possible motion for judgment on the pleadings based on the lack of a valid GCA claim. In response to this communication, appellant submitted an application to file a late claim to SFPD on September 9, 2021. Appellant alleged in this application that the prior demand letter submitted to SFPD's attorney substantially complied with the requirements of the GCA. SFPD then filed its motion for judgment on the pleadings on September 13, 2021, on the ground appellant's complaint for retaliation was defective because a valid claim had not been filed as required by the GCA.

3.

The motion for judgment on the pleadings was ultimately granted on October 22, 2021, by the trial court, with leave to amend, giving appellant the opportunity to cure the defect based on his representation the demand letter substantially complied with the GCA. Before the amended complaint was submitted, appellant filed a petition with the trial court asking for an order relieving him from the failure to comply with the GCA.[2] Appellant again argued his November 30, 2020, demand letter substantially complied with the requirements of the GCA. On December 23, 2021, the trial court denied the petition stating:

> "Petitioner has failed to carry his burden to establish either that the claim was diligently pursued or that the lack of timely compliance was due to excusable neglect. The settlement letter does not rise to the level of substantial compliance with the Government Claims Act. (*Dilts v. Cantua Elementary Sch*[*ool*] *Dist.* (1987) 189 Cal.App.3d 27.) Therefore, Petitioner did not pursue a tort claim for eleven months without any explanation."

While the petition was pending, appellant filed his first amended complaint on November 19, 2021, alleging he had substantially complied with the GCA when his attorney sent the demand letter to SFPD's attorney on November 30, 2020. SFPD filed a new demurrer to this amended complaint on December 21, 2021, stating appellant failed to state a viable cause of action because of his failure to file a valid claim under the GCA. The trial court sustained this demurrer without leave to amend on January 21, 2022, citing its earlier ruling denying the petition which would have relieved appellant from the failure to file a claim under the GCA. A related motion to strike brought by SFPD was declared moot at the same time. Appellant thereafter filed a notice of appeal challenging the rulings on both the petition and the demurrer.

---

**2**     This petition was filed after the necessary period of time for SFPD to respond to the application had expired. (See § 911.6.)

4.

**DISCUSSION**

At its core, appellant's challenge of the trial court's orders goes to his ability to move forward in the action he brought against SFPD. However, appellant's ability to move forward in this case depends on whether he complied with the GCA. Appellant has never disputed the fact he was required to meet the requirements of the GCA before proceeding with his case. We, therefore, review the issues raised in this appeal in the context of the GCA and its requirements.

## I. The Applicable Law

The GCA requires that "all claims for money or damages against local public entities" be "presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) .…" (§ 905.) Chapter 2 sets forth requirements for the presentation and consideration of claims. When a personal injury is involved, a written claim for damages must be presented to the public entity "not later than six months after the accrual of the cause of action." (§§ 911.2, subd. (a), 945.4.) As to the contents of that claim, section 910 provides:

> "A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following: [¶] (a) The name and post office address of the claimant. [¶] (b) The post office address to which the person presenting the claim desires notices to be sent. [¶] (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted. [¶] (d) A general description of the ... injury, damage or loss incurred so far as it may be known at the time of presentation of the claim. [¶] (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known. [¶] (f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case."

The presentation of a written claim to the public entity serves at least three purposes. First, it provides the public entity with sufficient information to enable it to perform an adequate investigation of the claim and, if appropriate, to settle it without the expense of litigation. (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 446.) Second, the written claim informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 (*Munoz*).) Third, in certain situations, the claim provides the public entity an opportunity to fix a dangerous condition and avoid further liability. (*San Diego Unified Port Dist. v. Superior Court* (1988) 197 Cal.App.3d 843, 847.)

## II.     Appellant's Efforts to Comply with the GCA

Appellant sought to show compliance with the requirements of the GCA in two significant ways. We discuss whether those efforts were successful below.

### A.     The November 2020 Demand Letter

Appellant contends the letter sent on his behalf on November 30, 2020, substantially complied with the requirements of the GCA, and therefore, qualified as a claim. While the letter addresses many of the criteria specified in section 910 quoted above, certain deficiencies in that letter cause it to be considered deficient as a claim.

The Legislature, through the GCA, did not intend to eliminate meritorious lawsuits or to snare the unwary when the act's purpose has been satisfied. (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority*, *supra*, 34 Cal.4th at p. 446.) If a claimant has attempted to comply and failed to achieve technical perfection, the doctrine of substantial compliance will validate the claim " 'if it substantially complies with all of the statutory requirements … even though it is technically deficient in one or more particulars.' " (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.)

While forgiving some deficiencies in documents represented to be claims, case law has consistently held the failure to submit a document to the correct address and/or to

6.

an individual specified in the entity's claims procedures will result in the document being rejected as a claim. "The claimant bears the burden of ensuring that the claim is presented" in a manner consistent with the requirements of the GCA. (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991 (*DiCampli-Mintz*).) The *DiCampli-Mintz* court especially focused on the importance of where a claim must be submitted under the statutory scheme:

> "Section 915(a)(1) reflects the Legislature's intent to precisely identify those who may receive claims on behalf of a local public entity. Section 915(e)(1) reflects the Legislature's intent that a misdirected claim will satisfy the presentation requirement if the claim is 'actually received' by a statutorily designated recipient. Thus, compliance with section 915(e)(1) requires actual receipt of the misdirected claim by one of the designated recipients. If an appropriate public employee or board never receives the claim, an undelivered or misdirected claim fails to comply with the statute." (*DiCampli-Mintz*, *supra*, 55 Cal.4th at pp. 992–993.)

The *DiCampli-Mintz* court stated it was, therefore, logical to conclude "actual receipt satisfies the claim presentation requirement." (*DiCampli-Mintz*, *supra*, 55 Cal.4th at p. 994.) This is seen as the best way to provide an entity with "sufficient information to investigate and appropriately resolve claims and to plan for potential liabilities." (*Ibid*.) This court cannot override such a legislative determination by simply concluding the receipt of the document by others should be considered sufficient. (*Ibid*.)

Of particular significance here is case law concluding settlement discussions and communications addressing the potential settlement of a claim are not sufficient to meet the requirements of the GCA. (*Dilts v. Cantua Elementary School Dist.*, *supra*, 189 Cal.App.3d at p. 36.) This is because the " 'purpose of the claims act is to enable the public entity to make an adequate investigation of the merits of the claim and to settle the claim without the expense of litigation,' " without having to rely on other parties to inform them of the existence of the claim. (*Schaefer Dixon Associates v. Santa Ana Watershed Project Authority* (1996) 48 Cal.App.4th 524, 535–536 [discussing *Dilts*].)

7.

Therefore, while the November 2020 letter may have addressed many of the required elements listed in section 910, the failure to provide the document to the appropriate individuals at the designated address renders this effort ineffective as a valid claim. Because it was not a valid claim, SFPD was under no duty to provide notice to appellant of any deficiencies and did not waive any defense that the document failed to meet the requirements of the GCA. (See *DiCampli-Mintz, supra*, 55 Cal.4th at p. 990.)

### B. Appellant's Petition for Relief

When a claim is not presented within the six-month period specified in section 911.2, "a written application may be made to the public entity for leave to present that claim." (§ 911.4, subd. (a).) The application must be presented "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." (§ 911.4, subd. (b).)

"If the public entity denies the application to file a late claim, section 946.6 authorizes the injured party to petition the trial court for relief from the claim filing requirements. In ruling on the petition, the trial court 'shall relieve the petitioner from the requirements of Section 945.4' to timely file a claim if two requirements are met." (*N.G. v. County of San Diego* (2020) 59 Cal.App.5th 63, 72, citing § 946.6, subd. (c).) The first requirement is to show the claim was made within a reasonable period of time, no more than one year after the claim was perfected. (§ 946.6, subd. (c).) The second requirement is to establish by a preponderance of the evidence that one of four excuses for filing a late claim can be established. (*Munoz, supra*, 33 Cal.App.4th at p. 1777.) The excuse potentially available to appellant here is that "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4." (§ 946.6, subd. (c)(1).)

8.

"The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275.) "Section 946.6 is a remedial statute intended 'to provide relief from technical rules that otherwise provide a trap for the unwary claimant.' [Citations.] As such, it is construed in favor of relief whenever possible.… [¶] In order to implement this policy, any doubts should be resolved in favor of granting relief.… In light of the policy considerations underlying section 946.6, a trial court decision denying relief will be scrutinized more carefully than an order granting relief." (*Bettencourt*, at pp. 275–276.)

A preliminary matter must be addressed. While appellant argues his application to present a late claim was filed within the one-year window provided in section 911.4, because only 11 months passed since his employment ended, SFPD contended below that appellant's claim actually accrued in July 2020 when he was informed his employment contract would not be renewed. If SFPD's position was accepted, appellant would not have been able to file a late claim under section 911.4. It should be noted, when an action based on an adverse employment action accrues is a question of fact. (See *Whitehall v. County of San Bernardino* (2017) 17 Cal.App.5th 352, 366–367 [discussing Lab. Code, § 1102.5].) The trial court in this case stated its conclusion the action accrued when defendant was terminated in October 2020. We will, therefore, not address the question of when appellant's action accrued here.[3]

---

[3] In response to the argument made by SFPD that appellant's request to file a late claim exceeded the one-year period after he suffered an adverse employment action, appellant cites the executive order issued by Governor Newsom on March 21, 2020, extending the period of time for filing a claim under the Government Code by 60 days. Appellant argues this extension would have made his request to file a late claim timely if calculating the accrual of that action from July 2020. However, recent case law states, "[t]here is no ambiguity in the relevant portion of Executive Order N-35-20. The 60-day extension applies to '[t]he time for presenting a *claim* pursuant to Government Code

Again, when submitting a request to file a late claim, one argument that might justify the granting of that request is that "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim .…" (§ 946.6, subd. (c)(1).) Excusable neglect is measured under a standard that considers what a reasonably prudent person would do under the same circumstances. (*Lincoln Unified School Dist. v. Superior Court* (2020) 45 Cal.App.5th 1079, 1089.) "In determining whether relief is warranted, the court will consider the petition, any affidavits submitted in support of or in opposition to the petition, and any other evidence presented at the hearing." (*Munoz, supra*, 33 Cal.App.4th at pp. 1777–1778; see § 946.6, subd. (e).)

Appellant's petition to be relieved of the requirements of the GCA simply repeats the same arguments about the November 30, 2020, demand letter substantially complying with the requirements of the GCA. No additional evidence is offered of an excuse that could explain why a more formal claim was not submitted to the appropriate address and/or to SFPD's designated individuals for receipt of such claims earlier in the proceedings.

Furthermore, contrary to appellant's assertions, we are not required to reach the issue of whether SFPD was prejudiced by his failure to file a timely claim. SFPD had "no burden to establish prejudice until appellant had satisfied the superior court that his failure to present the claim was 'through mistake, inadvertence, surprise or excusable neglect.' " (*Hasty v. County of Los Angeles* (1976) 61 Cal.App.3d 623, 627.) Appellant

section 911, et seq.' (Governor's Exec. Order No. N-35-20 [(Mar. 21, 2020)] p. 4, ¶ 11, italics added.) It does not apply to the time for presenting an 'application' to a public entity 'for leave to present [a late] claim.' (§ 911.4, subd. (a).)" (*Coble v. Ventura County Health Care Agency* (2021) 73 Cal.App.5th 417, 437.) Because the trial court based its findings on the conclusion appellant's action accrued in October 2020, we need not address this issue here.

failed to do that here by simply relying on the argument that the November 30, 2020, demand letter substantially complied with the requirements laid out in the GCA.

## **DISPOSITION**

The judgment is affirmed. Respondent SFPD is awarded costs in this appeal.