Filed 6/20/25  Pfeiffer v. Fremont Unified School Dist. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIRST APPELLATE DISTRICT

# DIVISION FIVE

| | |
|---|---|
| NANCY PFEIFFER, | |
| Plaintiff and Appellant, | A170860 |
| v. | |
| FREMONT UNIFIED SCHOOL DISTRICT, | (Alameda County Super. Ct. No. 23CV032526) |
| Defendant and Respondent. | |

This is an appeal from a judgment of dismissal after the trial court sustained the demurrer of defendant, Fremont Unified School District (District), to the second amended complaint (SAC) of plaintiff, Nancy Pfeiffer, without leave to amend.  The trial court reasoned that plaintiff (again) failed to plead sufficient facts demonstrating compliance with the claim presentation provisions of the Government Claims Act (Gov. Code, § 810 et seq.) (GCA or Act).[1]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2023, plaintiff sued the District for retaliation in violation of Labor Code section 1102.5.  After the trial court sustained the District's

---

[1] Unless otherwise stated, all statutory citations herein are to the Government Code.

demurrer to the complaint, plaintiff filed her first amended complaint (FAC) on August 18, 2023.

On January 26, 2024, the trial court sustained the District's demurrer to the FAC on the grounds that plaintiff failed to state a cause of action because the facts pleaded therein were not sufficient to demonstrate compliance with the GCA.

On February 7, 2024, plaintiff filed the operative SAC, which again asserted a single cause of action for retaliation in violation of Labor Code section 1102.5. The SAC alleged as follows. The District hired plaintiff in July 2021 as associate superintendent of business services. On or about September 8, 2021, plaintiff began complaining to Superintendent C.J. Cammack that the District was "misappropriating public funds by paying vendors with Measure E money for work that was never performed."[2] "Withing [*sic*] close temporal proximately [*sic*] of [these] complaints," the District took adverse employment actions against plaintiff that included "issuing unfair disciplinary write-ups . . . ." On or about March 23, 2022, plaintiff complained about these adverse actions and, shortly thereafter, on April 13, 2022, her employment was suspended. Thereafter, on or about July 13, 2022, the District officially terminated plaintiff's employment.

Similarly to the FAC, the SAC further alleged plaintiff complied with the GCA by timely serving the District with a government tort claim on the District's own claim form on October 13, 2022, which met all claim presentation requirements set forth in section 910. This claim form identified the board of trustees' decision on April 13, 2022, to terminate plaintiff's employment contract as the incident giving rise to her claim.

---

[2] According to the SAC, Measure E was a local bond measure passed in or around 2014 to help modernize District schools.

2

Further, the claim form identified the board of trustees and the superintendent as the persons causing "damage/loss."  When asked to identify the amount of damage or loss claimed, the claim form stated: "Unlimited Civil Case."

The SAC also alleged, as did the FAC, that three separate documents placed the District on notice of plaintiff's impending retaliation claim: (1) a March 23, 2022, letter that plaintiff's attorney emailed to the District's outside law firm expressing concern about recent adverse disciplinary actions taken against plaintiff, but expressly disclaiming any intent by plaintiff to "initiate a provocative legal action"; (2) a March 31, 2022, letter that plaintiff's attorney emailed to Dianne Jones, the District's board president, which described itself as "a formal Uniform Complaint" filed by plaintiff against Superintendent C.J. Cammack concerning "his performance, behavior, and demeanor at work"; and (3) a September 1, 2022, letter from plaintiff's attorney to the District's human resources department entitled "Notice of Representation and Litigation Hold Notice," which advised the department to preserve evidence relating to plaintiff's whistleblower retaliation and wrongful termination claims.

On March 8, 2024, the District filed a demurrer to the SAC.  As it did in its demurrer to the FAC, the District argued plaintiff failed to plead facts establishing compliance with the claim presentation provisions of the GCA and failed to plead facts sufficient to state a cause of action for retaliation.

Plaintiff opposed this demurrer, and a contested hearing was held on May 3, 2024.  Afterward, the trial court sustained the demurrer to the SAC without leave to amend on the grounds that plaintiff failed to plead facts establishing compliance with the GCA and that it was not reasonably probable the defect could be cured by another round of amendment.

3

On May 9, 2024, a judgment of dismissal was thus entered in favor of the District, prompting this timely appeal.

## DISCUSSION

The sole issue on appeal is whether the trial court properly sustained the demurrer to the SAC without leave to amend after finding plaintiff failed to allege facts showing compliance with the GCA's claim presentation provisions.

### I.    *Standard of Review.*

We review de novo a judgment of dismissal entered after an order sustaining a demurrer.  (*Bichai v. Dignity Health* (2021) 61 Cal.App.5th 869, 876 (*Bichai*).)  We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Bichai, supra*, at p. 877.)  We also consider matters that may be judicially noticed.  (*Blank v. Kirwan*, at p. 318.)  We affirm if there is any ground upon which a demurrer may be sustained, regardless of the specific grounds relied upon by the trial court.  (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)  We reverse if the facts alleged would entitle plaintiff to relief under any possible legal theory.  (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.)

Once a demurrer is sustained, we review an order denying leave to amend for abuse of discretion.  (*Ashlan Park Center LLC v. Crow* (2015) 233 Cal.App.4th 1274, 1278.)  We must decide whether there is a reasonable possibility that the defect in the pleading can be cured by amendment.  If no such possibility exists, there was no abuse of discretion.  (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)  Plaintiff bears the burden on appeal to prove there is a reasonable possibility the defect can be cured.  (*Ibid.*)

**II.**  ***Plaintiff failed to plead facts demonstrating compliance with the Government Claims Act.***

Section 945.4 provides that " 'no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with . . . Section 910 . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . . Section 910, in turn, requires [inter alia] that the claim state the 'date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted' and provide '[a] general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.' " (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 445, 1st bracketed insertion added (*Stockett*).)[3]  Section 915 requires a claimant to present the claim to the clerk, secretary or auditor of the relevant public entity.

Case law holds that a plaintiff who sues a public entity must allege facts demonstrating compliance with these claim presentation requirements

---

[3] Specifically, section 910 requires the claimant to present a claim to the relevant government entity with the following:

(1) The name and post office address of the claimant;

(2) The post office address to which the claimant desires notices to be sent;

(3) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim;

(4) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim; and

(5) The amount claimed as of the date of the presentation of the claim, including the estimated amount of any prospective injury, damage or loss, insofar as it may be claimed at the time of the presentation of the claim, together with the basis of the computation of the amount claimed.  (§ 910, subds. (a)–(f).)

or an excuse for his or her noncompliance. (E.g., *Dilts v. Cantua Elementary School Dist.* (1987) 189 Cal.App.3d 27, 36–37 (*Dilts*).) Failure to do so defeats the plaintiff's claim as a matter of law. (*Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 65 [proof of compliance with § 910 or an excuse for noncompliance is an essential element of the underlying claim]; *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454 (*City of San Jose*) ["Compliance with the claims statutes is mandatory [citation]; and failure to file a claim is fatal to the cause of action"].)

"The purpose of these statutes is 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' [Citation.] Consequently, a claim need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.' [Citations.] As the purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions [citation], the claims statute 'should not be applied to snare the unwary where its purpose has been satisfied' [citation]." (*Stockett, supra*, 34 Cal.4th at p. 446; accord, *id.* at p. 447 [while a claim "need not specify each particular act or omission later proven to have caused the injury," the subsequent complaint cannot be based on an " 'entirely different set of facts' "].)

Plaintiff relies on the doctrine of substantial compliance to establish her compliance with the Act's claim presentation provisions. "Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars.'

6

[Citation.] . . . The doctrine of substantial compliance, however, 'cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute.' [Citation.] The test for substantial compliance is whether the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.)

According to plaintiff, the October 13, 2022 claim form that she presented to the District meets the substantial compliance test because it "shows **on its face** *some* compliance with *all* of the statutory requirements under . . . § 910 as . . . contained [in subdivisions (a)–(f)]." We disagree, and plaintiff's own authority (*Stockett, supra*, 34 Cal.4th 441) illustrates why.

In *Stockett*, the California Supreme Court held the claim filed by the plaintiff, an employee alleging wrongful termination, complied with sections 910 and 945.4 based on the following pleaded facts: "He stated the date and place of his termination, named those [defendant] officers and agents he believed responsible, and generally stated the 'circumstances' (§ 910, subd. (c)) of his termination. In addition, he stated the termination had been wrongful because it was effected in violation of California public policy. He thus notified [defendant] of his wrongful termination cause of action, in compliance with section 954.4's command that each 'cause of action' be presented by notice of claim. While Stockett's claim did not specifically assert his termination violated the public policies favoring free speech and opposition to public employee conflicts of interest, these theories do not represent additional causes of action and hence need not be separately presented under section 945.4." (*Stockett, supra*, 34 Cal.4th at p. 447.)

In so holding, the *Stockett* court was " 'mindful that "[s]o long as the policies of the claims statutes are effectuated, [the statutes] should be given a liberal construction to permit full adjudication on the merits." ' [Citations.] If the claim gives adequate information for the public entity to investigate, additional detail and elaboration in the complaint is permitted." (*Stockett, supra*, 34 Cal.4th at p. 449.) In that case, "[b]y notifying [the defendant] of its act (wrongful termination) that caused his injury (loss of earnings, mental and physical pain and suffering) and naming [the defendant's] agents he believed responsible, Stockett's claim provided sufficient information for [the defendant] to investigate and evaluate its merits." (*Ibid.*)

Here, contrary to *Stockett*, plaintiff's October 13, 2022 claim form did not contain sufficient information for the District to investigate and evaluate the claim's merits. Plaintiff's claim form identified the "Date of Incident" as April 13, 2022. Yet, when asked for "date/time/place/location and as much details [*sic*] as possible giving rise to your claim/loss," plaintiff's form stated only, "On April 13, 2022 the Board of Trustees chose to terminate my employment contract with the District." Further, when asked for a description of the "damage or loss claimed," plaintiff's form generically identified three causes of action, to wit, "[w]histleblower retaliation, wrongful termination and discrimenation [*sic*]." Plaintiff's form then identified as "known witness(es)" the "Board of Trustees, the Superintendent, the Assistant Sup of HR and Ed Services," and identified the "person(s) causing damage/loss" as (again) the "Board of Trustees and Superintendent."

Considering this information collectively, we accept plaintiff's claim that her October 13, 2022, claim form contained "some" of what was required under each subdivision of section 910. However, her claim form nonetheless failed to substantially comply with the claim presentation provisions under

8

the GCA because " ' "a factual basis for recovery . . . is not fairly reflected in the written claim." ' " (*Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 376–378 (*Gong*) [demurrer to tort causes of action properly sustained without leave to amend for failure to comply with § 910].)

For example, wholly missing from plaintiff's October 13, 2022, claim form is any description of the District's alleged wrongful act(s) that caused plaintiff harm or loss, much less each alleged act's date, time, place or location. According to the claim form, the "Date of Incident" was April 13, 2022, when plaintiff's employment was terminated. However, terminating an employee's employment is not intrinsically wrongful, and there is no other information provided in the form that would cause the District to suspect that plaintiff's April 13, 2022 termination was undertaken for an unlawful purpose or in an unlawful manner.

The October 13, 2022, claim form also identified the "damage or loss claimed" by plaintiff as "retaliation, wrongful termination and discrimenation [*sic*]." Yet, again, the form omitted any description of any act by any particular individual(s) that could provide a legal basis for her claim of retaliation, wrongful termination or discrimination. The form listed the entire board of trustees as well as the superintendent as both "known witness(es)" and "person(s) causing damage." However, as before, the form was silent as to what anyone actually saw or did.

And yet, plaintiff was given ample opportunity to properly develop her claim. On November 2, 2022, less than a month after receiving plaintiff's October 13, 2022, claim form, the District mailed her a notice of insufficiency of claim pursuant to section 910.8. This notice alerted plaintiff in no uncertain terms that her claim was noncompliant with section 910 because, inter alia, it "fails to contain any information whatsoever about what is being

9

referred to. While there are boilerplate references to retaliation, wrongful termination and discrimination, no details or facts are provided supporting any such thing. It is impossible for the District to understand what is being referred to and what the basis is for such claims." Plaintiff did absolutely nothing to rectify these deficiencies.

Under these circumstances, plaintiff's reliance on the substantial compliance doctrine to prove trial court error fails. (See *Gong, supra*, 226 Cal.App.4th at pp. 377–378 ["The 'substantial compliance' exception . . . does not 'save' [plaintiff's claim] because there is no reference whatsoever in [the claim] to [defendant's] alleged tortious behavior"]; *Dilts, supra*, 189 Cal.App.3d at p. 37 ["The doctrine of substantial compliance cannot cure the total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute"]; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 769 [plaintiff's claim "bears little or no resemblance to a government tort claim" when, inter alia, the claim "provide[d] a date and location of an accident" but failed to "describe the nature of the accident," "identify the persons involved in the accident," or provide "any description of injury or loss allegedly suffered"]; cf. *Connelly, supra*, 146 Cal.App.4th at pp. 40–41 [finding substantial compliance when the claim "revealed that [plaintiff] was the injured or damaged party, the injury or damage occurred when a County vehicle ran a stop sign and hit her pickup truck, . . . her injury or damage was caused by improper driving, failure to obey a stop sign and unsafe operation of the County vehicle," and her losses included " '[d]amage to [her] pickup [and u]nspecified Medical, Lost Income, future Medical"].)

Finally, we recognize that plaintiff, in opposing the District's demurrer to the SAC before the trial court, also relied on three separate letters that she

10

wrote to the District or its agents before submitting the October 13, 2022 claim form. Plaintiff argued these letters, when considered together with her formal claim form, placed the District "on notice regarding the date, place, facts, circumstances, and damages giving rise to the claim asserted." The trial court disagreed. Quoting *Dilts, supra*, 189 Cal.App.3d at pages 35–36, the court reasoned: " '[T]he established procedure for the filing of claims pursuant to the [GCA] would become totally unworkable if this court were to hold that a series of writings could collectively be considered a claim' as it would be impossible to determine when the statute of limitations would run . . . ."

On appeal, plaintiff disavows her previous argument: "Appellant is not relying on her previous correspondence with the [District] to comply with the requirements of the [GCA]. That has never been Appellant's position and never will be her position. Instead, Appellant maintains that her October 13, 2022 claim was timely filed and proper under . . . § 910 . . . to apprise the [District] of an imminent legal claim to allow it to investigate." Plaintiff's new stance appears consistent with the "well-settled" principle that "claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." (*City of San Jose, supra*, 12 Cal.3d at p. 455.) In any event, since plaintiff has abandoned the argument relating to her preclaim correspondence with the District, we need not decide the significance of this correspondence for purposes of our analysis under the substantial compliance test. For reasons already stated, we conclude the trial court correctly found plaintiff failed to plead facts establishing her compliance with the claim presentation provisions of the GCA.

11

### III. *Plaintiff failed to demonstrate a reasonable probability of curing the defect in the SAC.*

Lastly, plaintiff presented no facts demonstrating a reasonable possibility that the identified defects in the SAC could be cured by amendment. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) As the trial court explained, it sustained the District's demurrer to the FAC with leave to amend to enable plaintiff to file a new complaint alleging in good faith facts demonstrating her compliance with the claim presentation provisions. Plaintiff did not do so. Instead, similar to her failure to revise her October 13, 2022, claim form after receiving the District's notice of insufficiency, plaintiff filed the SAC with substantially the same allegations that were in the FAC. In both the SAC and the FAC, plaintiff insisted her claim form was adequate and that, in any event, her prior correspondence placed the District on notice of her claim. For reasons explained *ante*, plaintiff was wrong.

As such, the trial court properly found there was no reasonable probability the SAC's defects could be cured with another round of amendment. Under California law, "[t]he burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) Because plaintiff failed to meet this burden, the judgment of dismissal stands.

## DISPOSITION

The judgment of dismissal is affirmed.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.                                    A170860/*Pfeiffer v. Fremont Unified School Dist.*